IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CHRISTIAN FAHLBECK, BY HIS P/N/F ) <br> AND CO-GUARDIANS MARK FAHLBECK ) <br> AND JENNIFER FAHLBECK, AND MARK ) <br> FAHLBECK AND JENNIFER FAHLBECK, ) <br> INDIVIDUALLY, ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> LAKEVIEW NEUROREHABILITATION ) <br> CENTER, INC., AND STEVE GIANI AND ) <br> BENJAMIN SKELTON, INDIVIDUALLY ) <br> ) <br>    Defendants. ) | Docket No. <br><br> COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the Plaintiffs, CHRISTIAN FAHLBECK, BY HIS P/N/F, AND CO-GUARDIANS MARK FAHLBECK AND JENNIFER FAHLBECK AND MARK FAHLBECK AND JENNIFER FAHLBECK, INDIVIDUALLY seek relief for the Defendants' intentional violation of the Americans with Disabilities Act, Title III, 42 USC § 12181 *et*. *seq*. and the Rehabilitation Act, 29 USC § 794, Section 504.  This action also claims that the Defendants violated New Hampshire Title XII, Public Safety and Welfare, Chapter 171-A, Services for the Developmentally Disabled, and Chapter 161 – F, *et*. *seq*. Protective Services to Adults, insofar as they, assaulted CHRISTIAN FAHLBECK, and otherwise  intentionally and willfully neglected and deprived CHRISTIAN FAHLBECK of essential services or supports necessary to maintain his minimum mental, emotional or physical health and safety.  This action

also asserts supplemental claims for violation of New Hampshire common law including negligence, breach of contract and intentional infliction of emotional distress.  Plaintiffs, CHRISTIAN FAHLBECK, BY HIS P/N/F, AND CO-GUARDIANS MARK FAHLBECK AND JENNIFER FAHLBECK, AND MARK FAHLBECK AND JENNIFER FAHLBECK, INDIVIDUALLY seek compensatory and punitive damages, the award of costs, interest and attorneys' fees, and such other and further relief to the maximum extent allowed by law.

## JURISDICTION

2.   This Court has Federal Question Jurisdiction pursuant to 28 U.S.C.§ 1331 as this action is based upon two important federal statutes: the Americans with Disabilities Act, Title III, 42 USC § 12181, *et seq*. and the Rehabilitation Act, 29 USC §794, Section 504.

3.   The Plaintiffs request that this Court exercise supplemental jurisdiction over the State court causes of action asserted herein as they arise from a common nucleus of operative facts.  28 U.S.C. § 1367.

## VENUE

4.   Venue is proper in the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. §1391(b) and (c) as the Defendant's "educational" facility is based in New Hampshire; Plaintiff, CHRISTIAN FAHLBECK, was, at all relevant times, a New Hampshire resident; and the core nucleus of operative facts occurred within this venue.

## JURY TRIAL DEMANDED

5.   Plaintiffs demand a trial by jury.

## PARTIES

6. CHRISTIAN FAHLBECK was, at all times relevant to this suit, a resident of LAKEVIEW NEUROREHABILITATION CENTER, located at 244 Highwatch Road, Effingham, New Hampshire 03882. He is a citizen of the State of New Hampshire, and currently resides at the Easter Seals School at 5254 Prospect Street, Lancaster, New Hampshire 03584. As the result of a mosquito-borne illness, CHRISTIAN FAHLBECK suffers from LaCrosse encephalitis. CHRISTIAN has been diagnosed with an organic brain syndrome, mixed receptive/expressive language disorder, complex seizure disorder, and persuasive developmental disorder. His disabilities cause CHRISTIAN to require a high level of care, beyond that which his loving parents can provide for him at home. CHRISTIAN FAHLBECK is, and at all times relevant to this action was, a qualified individual with disabilities under the definitions of the Rehabilitation Act and the Americans with Disabilities Act.

7. Plaintiff, JENNIFER FAHLBECK, is a citizen of the State of Vermont, and the parent of CHRISTIAN FAHLBECK. She resides at 2824 Old Silo Road, St. Johnsbury, Vermont 05819. Ms. FAHLBECK is also co-guardian of both the Estate and Person of CHRISTIAN FAHLBECK.

8. Plaintiff, MARK FAHLBECK, is a citizen of the State of New Hampshire, and the parent of CHRISTIAN FAHLBECK. He resides at 13 Scenic Drive, Woodstock, New Hampshire 03282. Mr. FAHLBECK is also co-guardian of both the Estate and Person of CHRISTIAN FAHLBECK.

9. The Defendant, LAKEVIEW NEUROREHABILITATION CENTER, INC. is a for-profit, non-public special education approved school, incorporated in the State of New Hampshire, located at 244 Highwatch Road, Effingham, New Hampshire 03882.

10. Defendant STEVE GIANI was at all relevant times employed by Defendant LAKEVIEW, and as such was an agent of Defendant LAKEVIEW.

11. Defendant BENJAMIN SKELTON was at all relevant times employed by Defendant LAKEVIEW, and as such was an agent of Defendant LAKEVIEW.

## **FACTS**

12. As the result of a mosquito-borne illness, CHRISTIAN suffers from LaCrosse encephalitis.  CHRISTIAN has been diagnosed with an organic brain syndrome, mixed receptive/expressive language disorder, complex seizure disorder, and persuasive developmental disorder.  His disabilities cause CHRISTIAN to require a high level of care, beyond that which his loving parents can provide for him at home.

13. Now 20 years old, CHRISTIAN was a resident at LAKEVIEW from the time he was 10 years old until, approximately, March 29, 2013, the earliest possible date JENNIFER and MARK FAHLBECK could find a suitable placement for CHRISTIAN after discovering their son was the victim of ongoing abuse.

14. On or about August 25, 2012, LAKEVIEW staffer STEVE GIANI, while working in a supervisory role for which he was untrained, physically assaulted CHRISTIAN.  Mr. GIANI, without legal justification, repeatedly kicked CHRISTIAN, threw a shoe at him and tackled him to the ground.

15. At the time of this assault, CHRISTIAN was posing no risk to himself or others.

16. On or about December 7, 2012, CHRISTIAN's teacher, BENJAMIN SKELTON, kicked CHRISTIAN in the rear, punched him in the neck, shouting epithets at him all the while laughing at CHRISTIAN's reaction.  This assault was without legal justification.

17. There is a long history, tolerated by LAKEVIEW management, of abusive actions by Skelton toward CHRISTIAN. Skelton had been a LAKEVIEW employee since 2002 and since, at least 2010, Skelton forced CHRISTIAN to shove a sock into his mouth to prevent the young, organically brain injured man from becoming "too vocal."

18. As a fellow LAKEVIEW staffer described it, Skelton "has many times grabbed [CHRISTIAN] by the back of the neck – has given student a sock and made student put a sock in his mouth."

19. Skelton would laugh uncontrollably as he handed CHRISTIAN a sock, saying "here, CHRISTIAN, put a sock in it."

20. CHRISTIAN's Behavior Treatment Plan required staffers to ignore any verbal outbursts and no report indicates that CHRISTIAN was, at any time, a danger to himself or others.

21. Despite all of the ongoing incidents at LAKEVIEW, no one at LAKEVIEW notified either of CHRISTIAN's parents, who learned about the incidents from the Bureau of Elder and Adult Services.

22. Since these, and other incidences of abuse, CHRISTIAN's negative behavior and obvious emotional disturbance have heightened. Sometimes when his parents, completely unaware of the abuse, would attempt to return CHRISTIAN to LAKEVIEW from a visit, he would throw his head against the car window screaming, "Not coming back, not coming back." He began to suffer incontinence, fear and anxiety and could not be comforted.

23. On information and belief, sometime in the summer of 2012, a new Chief Executive Officer began at LAKEVIEW and it was around this time that the care of CHRISTIAN turned dramatically worse.

24. It was not until December 17, 2012, that either of CHRISTIAN's parents received notification that he had been repeatedly abused at LAKEVIEW as many as two years earlier. That notification came from the State of New Hampshire Bureau of Elder and Adult Services. No mention was made at that time of the abuse by Skelton; that notification did not come until late January 2013.

## FEDERAL CLAIMS

## COUNT I

## TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 USC SECTION 12181, et seq.

25. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

26. Plaintiff's various disabilities substantially limit major life activities. Therefore, plaintiff is an individual with a disability under title III of the Americans with Disabilities Act. The plaintiff meets the essential eligibility requirements for defendant services at all times. Thus the plaintiff is a qualified individual with a disability and entitled to the protections of the Americans with Disabilities Act under 42 USC section 12181, et seq.

27. As Defendants were aware, or should have been aware, of the risk that failing to follow CHRISTIAN's Behavioral Plan, as well as forcing a sock into his mouth and assaulting him would violate Plaintiff's civil rights, the Defendants ignored that risk and intentionally violated Title III of the Americans with Disabilities Act in numerous ways, including discriminatory actions which occurred when they:

  (a) Failed to maintain policies and procedures to ensure compliance with Title III of the Americans with Disabilities Act, specifically policies that provide equal access and effective communication to individuals with disabilities, fair and non-abusive treatment;

(b) Failed to modify policies and procedures to prevent discrimination against the Plaintiff;

(c) Failed to establish effective self-evaluations and/or provide notice of Plaintiff's rights as an individual with a disability under the Americans with Disabilities Act;

(d) Failed to properly train and supervise employees and agents as how to care for an organically brain injured person;

(e) Failed to treat CHRISTIAN as effectively as non-disabled persons and patients;

(f) Failed to properly determine CHRISTIAN'S need for an auxiliary aid or service;

(g) Excluded Plaintiff from services of the public entity, isolated Plaintiff and denied Plaintiff the benefit of these services due to his disability.

28. Defendants' violations of Title III of the Americans with Disabilities Act are the proximate cause of damage to Plaintiff, including lack of communication, emotional distress and other damages.

## COUNT II

## SECTION 504 OF THE REHABILITATION ACTION OF 1973, 29 U.S.C. § 706

29. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

30. CHRISTIAN suffers from LaCrosse encephalitis, and has been diagnosed with an organic brain syndrome, mixed receptive/expressive language disorder, complex seizure disorder, and persuasive developmental disorder. Therefore, CHRISTIAN is considered to be an individual with a disability under Section 504 of the Rehabilitation Act, as amended. *See* 29 U.S.C. §706(8). Plaintiff is otherwise qualified under Section 504 of the Rehabilitation Act because he

meets the essential eligibility requirements for Defendants' services at all relevant times. Further, the Defendants are recipients of federal financial assistance and or funding, directly and indirectly.

31. Defendant LAKEVIEW's policies, practices and procedures, particularly the actions or omissions described above, violated the Plaintiffs' rights under Section 504 of the Rehabilitation Act by discrimination on the basis of a disability.

32. Additionally, Defendant LAKEVIEW also denied Plaintiff services that they made available to non-disabled patients.

33. Defendant LAKEVIEW violated Plaintiffs' rights through their repeated refusal to reasonably accommodate Plaintiffs with appropriate auxiliary aids and services or to modify policies and procedures to prevent discrimination.

34. Further, Defendant LAKEVIEW abused Plaintiff.

35. Defendant LAKEVIEW's violations of Section 504 are the proximate case of damage to the Plaintiffs.

## COUNT III

## AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 11203(b)

36. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

37. Section 503(b) of Title V of the ADA makes "it unlawful for any person to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, any right granted or protected by [the ADA]."

38. Christian Fahlbeck, by his P/N/F, and Co-Guardians Mark Fahlbeck and Jennifer Fahlbeck, and Mark Fahlbeck and Jennifer Fahlbeck, individually are individuals within the meaning of §503(b) of Title V of the ADA.

39. Defendant LAKEVIEW failed to notify MARK FAHLBECK and JENNIFER FAHLBECK of the facts described above, thereby denying them the ability to exercise their and CHRISTIAN's civil rights.

## STATE CLAIMS

## COUNT IV

## NEGLIGENCE

Lakeview Neurorehabilitation Center, Inc.,
Steve Giani and Benjamin Skelton

40. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

41. The Defendants had a duty of care to Plaintiff Christian Fahlbeck, to assist him, to provide appropriate support, and services, and guidance in dealing with his disability and developing skills to cope with his life challenges and afford him simple dignity.

42. At all times relevant to this action, the Defendants breached their duty of care to the Plaintiffs by failing to provide CHRISTIAN at all appropriate and necessary times and places, without legal excuse for not doing so, with appropriate and reasonable treatment, care, education, and support.

43. Wholly unmindful of these duties and obligations, the Defendants breached their duty of care to the Plaintiffs as set forth above by repeatedly physically, emotionally and psychologically abusing CHRISTIAN and failed generally to provide the services to the

Plaintiffs as required. As a proximate result of the Defendants' actions, Plaintiffs suffered damages.

## COUNT V

## NEGLIGENT TRAINING AND SUPERVISION

Lakeview Neurorehabilitation Center, Inc.

44. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

45. Defendant LAKEVIEW had a duty to provide appropriate training, guidance, supervision and education to their officers, administrators, managers and employees about providing appropriate treatment, care, education, and support to CHRISTIAN.  This duty is particularly important given that Defendant's officers, administrators, managers and employees were responsible for providing treatment, care, education and support to CHRISTIAN.

46. At all times relevant to this action, Defendant LAKEVIEW breached its duty of care to the Plaintiffs, by failing to properly screen, train, and supervise their officers, administrators, managers and employees who repeatedly abused CHRISTIAN.

47. Wholly unmindful of these duties and obligations, Defendant LAKEVIEW breached its duty.  As a proximate result of Defendant LAKEVIEW's actions, Plaintiffs suffered damages

## COUNT VI

## BATTERY

Lakeview Neurorehabilitation Center, Inc.,
Steve Giani and Benjamin Skelton

48. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

49. By the actions described above, the Defendants' physical contact with the Plaintiff during the physical abuse performed by the Defendants and its officers, administrators, managers and employees was unprivileged, harmful and offensive to Plaintiffs, and constituted battery against CHRISTIAN's person.

50. As a direct and proximate result of the battery by Defendants, Plaintiffs suffered damages.

## COUNT VII

## FRAUD

Lakeview Neurorehabilitation Center, Inc.

51. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

52. Defendant LAKEVIEW intentionally made material false statements about the care it would and was providing which it knew to be false or had no knowledge or belief were true, for purpose of causing Plaintiffs to rely on its statements.

53. Defendant LAKEVIEW was aware of ongoing abuse and repeatedly failed to report said abuse to MARK FAHLBECK and JENNIFER FAHLBECK, and instead deceptively informed the parents that all was well.  Further, the conduct described above was knowingly false, deceptive and unfair.

54. As a proximate result of Defendant LAKEVIEW's action, Plaintiffs suffered damages.

## COUNT VIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Lakeview Neurorehabilitation Center, Inc.,
Steve Giani and Benjamin Skelton

55. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

11

56. The Defendants and LAKEVIEW's officers, administrators, managers and employees had, or should have had, knowledge of CHRISTIAN's disability and his needs, however, and notwithstanding that knowledge, the Defendants and LAKEVIEW's officers, administrators, managers and employees intentionally deprived Plaintiffs of their rights and injured the Plaintiffs.

57. The Defendants and LAKEVIEW's officers, administrators, managers and employees had, or should have had, knowledge of their responsibility to provide treatment, care, education and support to CHRISTIAN.

58. As a proximate result of the Defendants' outrageous acts and omissions, intentional and deliberately indifferent acts and omissions, the Defendants' intentionally inflicted emotional distress unto the Plaintiffs.

59. As a proximate result of the Defendants' actions, Plaintiff suffered damages.

## COUNT IX

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Lakeview Neurorehabilitation Center, Inc.,
Steve Giani and Benjamin Skelton

60. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

61. The Defendants and LAKEVIEW's officers, administrators, managers and employees had, or should have had, knowledge of CHRISTIAN's disability and his needs, however, and notwithstanding that knowledge, the Defendants and Defendant LAKEVIEW's officers, administrators, managers and employees negligently deprived Plaintiff of his rights and injured the Plaintiff.

62. The Defendants and Defendant LAKEVIEW's officers, administrators, managers and employees had, or should have had, knowledge of their responsibility to provide treatment, care, education and support to CHRISTIAN.

63. As a proximate result of the Defendants' negligent acts and omissions, the Defendants negligently inflicted emotional distress upon the Plaintiffs as demonstrated by increased anxiety, PTSD, physical illness, as well as head butting.

64. As a proximate result of the Defendants' actions, Plaintiff suffered damages.

## COUNT X

## VIOLATION OF THE CONSUMER PROTECTION ACT (NH RSA 358-A)

Lakeview Neurorehabilitation Center, Inc.

65. Plaintiffs re-allege and incorporate by reference the allegations of facts contained in every preceding paragraph.

66. Defendant LAKEVIEW NEUROREHABILITATION CENTER, INC. is, and at all relevant times was, engaged in trade and commerce within the State of New Hampshire in that it provides healthcare and healthcare related products and services in the State. The Plaintiffs were consumers of these healthcare products and services.

67. NH RSA 358-A:2 provides, in pertinent part, that:

> It shall be unlawful for any person to use…any unfair or deceptive act or practice in the conduct of any trade or commerce within this state. Such…unfair or deceptive act or practice shall include, but is not limited to, the following: …
>
> II. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
>
> III. Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

68. Defendant LAKEVIEW violated these statutory standards by failing to provide CHRISTIAN appropriate support and services and guidance in dealing with his disability and

developing skills to cope with his life challenges and afford him simple dignity. Further, the conduct described above was knowingly false, deceptive and unfair.

69. As a proximate result of Defendant LAKEVIEW's actions, Plaintiffs suffered damages.

## COUNT XI

## NEW HAMPSHIRE TITLE XII, RSA
## CHAPTER 171-A, SERVICES FOR THE DEVELOPMENTALLY DISABLED

70. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

71. New Hampshire Title XII, RSA Chapter 171-A requires that persons with developmental disabilities and their families be provided services that emphasize community living and programs to support individuals and families, beginning with early intervention, and that such services and programs shall be based on the following:

    I.      Participation of people with developmental disabilities and their families in decisions concerning necessary, desirable, and appropriate services, recognizing that they are best able to determine their own needs.

    II.     Services that offer comprehensive, responsive, and flexible support as individual and family needs evolve over time.

    III.    Individual and family services based on full participation in the community, sharing ordinary places, developing meaningful relationships, and learning things that are useful, as well as enhancing the social and economic status of persons served.

    IV.    Services that are relevant to the individual's age, abilities, and life goals, including support for gainful employment that maximizes the individual's potential for self-sufficiency and independence.

    V.     Services based on individual choice, satisfaction, safety, and positive outcomes.

    VI.    Services provided by competent, appropriately trained and compensated staff.

72. LAKEVIEW receives state and federal funding and is obligated to abide by and follow the state requirements and treatments of patients and care of developmentally disabled persons such as the plaintiff.

73. Wholly unmindful of these duties and obligations, Defendant LAKEVIEW breached its duty of care to Plaintiffs as set forth above by allowing CHRISTIAN to be assaulted and by generally failing to provide the services to CHRISTIAN as required by the above statute. As a result of the Defendant's actions, Plaintiffs suffered harm.

## COUNT XII
## NEW HAMPSHIRE TITLE, XII,
## CHAPTER 161-F (PROTECTIVE SERVICES FOR ADULTS)

74. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

75. New Hampshire RSA 161-F prohibits the neglect of an incapacitated person and defines neglect as an act or omission which results or could result in the deprivation of essential services or supports necessary to maintain the minimum mental, emotional or physical health and safety of an incapacitated adult.

76. CHRISTIAN is an incapacitated adult and Defendant LAKEVIEW is an entity that receives state and federal funds and is obligated to abide by and follow the state requirements in the treatment of patients and care of developmentally disabled and incapacitated persons such as the plaintiff.

77. Wholly unmindful of these duties and obligations, Defendant LAKEVIEW breached its duty of case to the Plaintiffs as set forth above by repeatedly allowing staffers to physically assault and otherwise degrade CHRISTIAN FAHLBECK and generally failing to provide the

services to Plaintiffs as required by the above statute. As a result of Defendant LAKEVIEW's actions, Plaintiffs suffered damages.

## COUNT XIII

## BREACH OF CONTRACT

Lakeview Neurorehabilitation Center, Inc.,

78. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

79. Defendant LAKEVIEW had contractual obligations to the Plaintiffs to provide CHRISTIAN with professional services that included assisting him effectively and appropriately with his disabilities.

80. At all times relevant to this action, Defendant LAKEVIEW failed to meet the contractual obligations to the Plaintiffs by failing to provide them at all appropriate and necessary times and places, without legal excuse for not doing so, with appropriate care and by giving CHRISTIAN care providers who were physically harming him.

81. Wholly unmindful of these duties and obligations, Defendant LAKEVIEW breached its duty of care to the Plaintiffs as set forth above by repeatedly allowing Plaintiff to be physically assaulted by LAKEVIEW staffers and generally failing to provide the services to the Plaintiffs as required by the above statute. As a proximate result of the Defendant's actions, Plaintiff suffered harm and damages.

## COUNT XIV
## RESPONDEAT SUPERIOR

Lakeview Neurorehabilitation Center, Inc.,

82. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

83. The conduct alleged above by the agents, employees, staff, teachers, officers and managers of Defendant LAKEVIEW occurred during the course and scope of their duties and functions as employees of the Defendant LAKEVIEW, and, as a result, Defendant LAKEVIEW is liable to the Plaintiffs pursuant to the state common law doctrine of *respondeat superior*.

## COUNT XV

## ENHANCED COMPENSATORY DAMAGES

84. Plaintiffs re-allege and incorporate by reference the allegations of facts in all preceding paragraphs.

85. All of the causes of action above were caused by conduct, either directly or indirectly, of the Defendant and/or agents and did proximately result in actual damage to the plaintiff. All of the causes of action above were the result of the Defendants' wanton, malicious or oppressive conduct. As a result, Plaintiffs are entitled to enhanced or liberal compensatory damages.

**WHEREFORE**, the Plaintiffs respectfully pray that this Court enter judgment against Defendant Lakeview, providing the following relief:

    A.    Declare that Defendant LAKEVIEW NEUROREHABILITATION CENTER, INC.'s practices, policies and procedures have subjected Plaintiff to discrimination in violation of Title III of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973;

    B.    Enter judgment in favor of Plaintiffs CHRISTIAN FAHLBECK, BY HIS P/N/F, AND CO-GUARDIANS MARK FAHLBECK AND JENNIFER FAHLBECK, AND MARK FAHLBECK AND JENNIFER FAHLBECK, INDIVIDUALLY awarding any and all relief available under law to the maximum extent allowed by common law, state and federal statutes,

and the Constitution of New Hampshire and the United States of America, including but not limited to the following:

1. Compensatory damages;

2. Treble damages pursuant to NH RSA 358-A:10;

3. Enhanced Compensatory damages;

4. Punitive damages;

5. All damages available pursuant to NH RSA 151:30;

6. Reasonable costs, interest and attorneys' fees; and,

C. Award any and all other relief that may be just, necessary and appropriate.

Respectfully submitted,

CHRISTIAN FAHLBECK BY HIS P/N/F, AND CO-GUARDIANS MARK FAHLBECK AND JENNIFER FAHLBECK AND MARK FAHLBECK AND JENNIFER FAHLBECK, INDIVIDUALLY

By their attorneys,

NIXON, VOGELMAN, BARRY, SLAWSKY & SIMONEAU, P.A.

Dated: May 19, 2014          By:     */s/*     Kirk C. Simoneau (#19291)
                                     77 Central Street
                                     Manchester, NH 03101
                                     (603) 669-7070
                                     *ksimoneau@davenixonlaw.com*