UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
Christian Fahlbeck, by his p/n/f       \*
and Co-Guardians Mark Fahlbeck         \*
and Jennifer Fahlbeck, and Mark        \*
Fahlbeck and Jennifer Fahlbeck,        \*   Docket No. 1:14-cv-00219
Individually,                          \*
                                       \*
       Plaintiffs             \*
                                       \*
v.                                     \*
                                       \*
Lakeview Neurorehabilitation           \*
Center, Inc. and Steve Giani and       \*
Benjamin Skelton, Individually,        \*
                                       \*
       Defendants             \*
                                       \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS LAKEVIEW NEUROREHABILITAITON CENTER, INC., STEVE GIANI AND BENJAMIN SKELTON'S MOTION TO DISMISS COUNTS I, III, XII AND XV PURSUANT TO F.R.C.P. 12(b)(6)

NOW COME the Defendants, Lakeview Neurorehabilitation Center, Inc., Steve Giani and Benjamin Skelton, by and through their counsel, Getman, Schulthess & Steere, P.A., and pursuant to Federal Rule of Civil Procedure 12(b)(6) move to dismiss Counts I, III, XII and XV of the Plaintiffs' Complaint, and in support thereof say as follow:

    1.    The Plaintiffs, Christian Fahlbeck, by his p/n/f and Co-Guardians Mark Fahlbeck and Jennifer Fahlbeck, and Mark Fahlbeck and Jennifer Fahlbeck, Individually, have brought this civil action against the Defendants, Lakeview Neurorehabilitation Center, Inc., Steve Giani and Benjamin Skelton, based on allegations that the defendants neglected and deprived the

Plaintiff, Christian Fahlbeck, of essential services or supports necessary to maintain his minimum mental, emotional or physical health and safety.

2. The Plaintiffs' Complaint asserts a myriad of federal and state statutory and common law claims and seeks damages in the form of compensatory damages, enhanced compensatory damages, punitive damages, and statutory damages, as well as costs, interest and attorney's fees.

3. For the reasons set forth in the accompanying Memorandum of Law, this Court should dismiss the following claims since the respective statutes do not provide for a private cause of action for monetary damages:

    1) Count I (Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181), *See, Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) ("[T]he unbroken skein of cases makes manifest that money damages are not an option for private parties suing under Title III of the ADA");

    2) Count III (Americans with Disabilities Act – 42 U.S.C. § 11203(b));

    3) Count XII (Chapter 161-F – Protective Services for Adults). *See, Ahrendt v. Granite Bank*, 144 N.H. 308 (1999) (alleged violation of RSA 161-F:46 did not give rise to a private cause of action for damages).

4. Additionally, Count XV (Enhanced Compensatory Damages) must be dismissed because a claim for enhanced compensatory damages constitutes a form of remedy that may be asserted in connection with an appropriate cause of action that is recognized under New Hampshire law, but does not in itself constitute a cause of action giving rise to a separate claim such as that asserted in Count XV of plaintiffs' Complaint. *See, e.g., Gavin v. Liberty Mut. Ins. Group,* 2012 U.S. Dist. LEXIS125957 at *1, n. 1, 2012 D.N.H. 154, 2012 WL 3839345 (D.N.H.

9/5/12) (J. McCafferty), *citing, Minion, Inc. v. Burdin*, 929 F.Supp. 521, 523 (D.N.H. 1996) ("Under New Hampshire law, a claim for enhanced damages is not a separate cause of action; it is a request for a particular remedy").

    5.    The Plaintiffs' claims for punitive damages should also be dismissed as prohibited by New Hampshire law. *See, Vratsenes v. N.H. Auto, Inc.*, 112 N.H. 71, 73 (1972) (that "[n]o damages are to be awarded as a punishment to the defendant or as a warning and example to deter him and others from committing like offenses in the future").

    6.    Defendants have this date submitted a supporting Memorandum of Law setting forth the legal authority upon which they rely.

    7.    Due to the dispositive nature of this motion, concurrence of opposing counsel has not been requested.

WHEREFORE, the Defendants, Lakeview Neurorehabilitation Center, Inc., Steve Giani and Benjamin Skelton, respectfully request that this Honorable Court:

    A.    Dismiss Count I (Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181);

    B.    Dismiss Count III (Americans with Disabilities Act – 42 U.S.C. § 11203(b));

    C.    Dismiss Count XII (Chapter 161-F – Protective Services for Adults);

    D.    Dismiss Count XV (Enhanced Compensatory Damages);

    E.    Dismiss Plaintiffs' claims for punitive damages; and

    F.    Grant such other relief as may be just and equitable.

Respectfully submitted,

LAKEVIEW NEUROREHABILITATION
CENTER, INC., STEVE GIANI and
BENJAMIN SKELTON, Individually

By Their Attorneys,

Getman, Schulthess & Steere, P.A.


Dated:  July 8, 2014					By: /s/ Edwinna C. Vanderzanden
						Edwinna C. Vanderzanden, Esq., N.H.Bar #2613
						Getman, Schulthess & Steere, P.A.
						1838 Elm Street
						Manchester, NH  03104
						(603) 634-4300



CERTIFICATE OF SERVICE

	I hereby certify that the foregoing Motion to Dismiss Counts I, III, XII and XV was filed with the Court on this 8th day of July, 2014.

	I hereby certify that on this 8th day of July, 2014, a true and accurate copy of the foregoing Motion to Dismiss Counts I, III, XII and XV was served via ECF on Kirk C. Simoneau, Esq.


Dated:  July 8, 2014				/s/ Edwinna C. Vanderzanden, Esq.
						Edwinna C. Vanderzanden, Esq.