UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * * * *
                                         *
Christian Fahlbeck, by his p/n/f         *
and Co-Guardians Mark Fahlbeck           *
and Jennifer Fahlbeck, and Mark          *
Fahlbeck and Jennifer Fahlbeck,          *        Docket No. 1:14-cv-00219
Individually,                            *
                                         *
            Plaintiffs                   *
                                         *
v.                                       *
                                         *
Lakeview Neurorehabilitation            *
Center, Inc. and Steve Giani and         *
Benjamin Skelton, Individually,          *
                                         *
            Defendants                   *
                                         *
* * * * * * * * * * * * * * * * * * * * * *
```

DEFENDANTS LAKEVIEW NEUROREHABILITAITON CENTER, INC.,
STEVE GIANI AND BENJAMIN SKELTON'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS COUNTS I, III, XII AND XV
PURSUANT TO F.R.C.P. 12(b)(6)

NOW COME the Defendants, Lakeview Neurorehabilitation Center, Inc., Steve Giani

and Benjamin Skelton, by and through their counsel, Getman, Schulthess & Steere, P.A., and

submit the following Memorandum of Law in Support of Motion to Dismiss Counts I, III, XII

and XV Pursuant to Federal Rule of Civil Procedure 12(b)(6):

I.      INTRODUCTION:

The Plaintiffs, Christian Fahlbeck, by his p/n/f and Co-Guardians Mark Fahlbeck  and

Jennifer Fahlbeck, and Mark Fahlbeck and Jennifer Fahlbeck, Individually, have brought this

civil action against the Defendants, Lakeview Neurorehabilitation Center, Inc., Steve Giani and

1

Benjamin Skelton, based on allegations that the defendants neglected and deprived the Plaintiff, Christian Fahlbeck, of essential services or supports necessary to maintain his minimum mental, emotional or physical health and safety.   The Plaintiffs' Complaint asserts a myriad of federal and state statutory and common law claims and seeks damages in the form of compensatory damages, enhanced compensatory damages, punitive damages, and statutory damages, as well as costs, interest and attorney's fees.

For the reasons set forth below, this Court should dismiss the following claims since the respective statutes do not provide for a private cause of action for monetary damages: 1) Count I (Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181); 2) Count III (Americans with Disabilities Act – 42 U.S.C. § 11203(b)); 3) Count XII (Chapter 161-F – Protective Services for Adults).   In addition, Count XV (Enhanced Compensatory Damages) should be dismissed because enhanced compensatory damages is a form of remedy and does not constitute a separate cause of action.   The Plaintiffs' claims for punitive damages should also be dismissed.

II.   FACTS:

The plaintiffs' factual allegations, which must be accepted as true solely for the purposes of this Motion to Dismiss, are as follows.

Christian Fahlbeck ("Christian") suffers from LaCrosse encephalitis as the result of a mosquito-borne illness.   [Complaint ¶ 12]   He has been diagnosed with an organic brain syndrome, mixed receptive/expressive language disorder, complex seizure disorder, and persuasive developmental disorder.   [Complaint ¶ 12]   These disabilities require a high level of care.   Christian, who is now twenty years old, has resided at Lakeview Neurorehabilitation Center ("Lakeview") since he was ten.   [Complaint ¶ 13]

The plaintiffs claim that on August 25, 2012, a member of the Lakeview staff, Steve Giani ("Giani"), "while working in a supervisory role for which he was untrained, physically assaulted" Christian.  [Complaint ¶ 14]

Plaintiffs also allege that on December 7, 2012, Christian's teacher, Benjamin Skelton, kicked Christian "in the rear, punched him in the neck, shouting epithets at him all the while laughing" at his reaction.  [Complaint ¶ 16]

Plaintiffs further allege that "[t]here is a long history, tolerated by Lakeview management, of abusive actions by Skelton toward Christian", including shoving a sock into his mouth when he became too vocal, grabbing him by the back of the neck and laughing. [Complaint ¶ 17-19]

Christian's parents claim that they were not notified of these incidents until learning about them from the Bureau of Elder and Adult Services on December 17, 2012.  [Complaint ¶ 21]

Plaintiffs claim that Christian's "negative behavior and obvious emotional disturbances have heightened" since these alleged incidents and that he resisted returning to Lakeview following visits to his home.  [Complaint ¶ 22]

Plaintiffs seek an award consisting of "any and all relief available under law to the maximum extent allowed by common law, state and federal statutes, and the Constitution of New Hampshire and the United States of America, including but not limited to": 1. compensatory damages; 2) treble damages under the Consumer Protection Act, RSA 358-A:10; 3) enhanced compensatory damages; 4) punitive damages; 5) all damages available under RSA 151:30; and 6) reasonable costs, interest and attorneys' fees.

III.    ARGUMENT:

    A.    Standard of Review

A motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *RealTrust IRA Alternatives, LLC v. Entrust Group*, 2011 U.S. Dist. LEXIS 35957, 9-11, 2011 WL 1033717 (D.N.H. 3/22/11), *quoting Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). That is, the complaint "must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the claims." *Fantini v. Salem State Coll.*, 557 F.3d 22, 26 (1st Cir. 2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

When considering a motion to dismiss under Rule 12(b)(6), a trial court "assume[s] the truth of all well-plead facts and give[s] the plaintiff[s] the benefit of all reasonable inferences therefrom." *Vernet v. Serrano-Torres*, 566 F.3d 254, 258 (1st Cir. 2009) (*quoting Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007)). However, the court need not credit "bald assertions, . . . unsubstantiated conclusions, . . . outright vituperation or subjective characterizations, optimistic predictions, or problematic suppositions." *Fantini*, 557 F.3d at 26 (citations and internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sutliffe v. Epping School Dist.*, 584 F.3d 314, 325 (1st Cir. 2009). A Rule 12(b)(6) motion should be granted if "the facts, evaluated in [a] plaintiff-friendly manner, [do not] contain enough meat to support a reasonable

expectation that an actionable claim may exist." *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008) (citations omitted).

B.      Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*,
        Does Not Provide for a Private Cause of Action for Damages Thereby Requiring
        Dismissal of Count I

In Count I, the plaintiffs allege that Christian is a qualified individual with a disability entitled to the protections of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*  [Complaint ¶ 26]  They allege several actions which they claim constitute violations of Title III of the ADA, including: (a) failure to maintain policies and procedures to ensure compliance with Title III; (b) failure to modify policies to prevent discrimination; (c) failure to establish effective self-evaluations and/or provide notice of plaintiff's rights as an individual with a disability under the ADA; (d) failure to properly train and supervise employees; (e) failure to treat the plaintiff as effectively as non-disabled persons; (f) failure to properly determine the plaintiff's need for an auxiliary aid or service; and (g) exclusion of the plaintiff form services of a public entity due to his disability.  [Complaint ¶ 27]  The plaintiffs claim that these alleged violations of Title III resulted in damages, including "lack of communication, emotional distress and other damages."  [Complaint ¶ 28]

"Title III prohibits discrimination on the basis of disability in the activities of places of public accommodations (businesses that are generally open to the public and that fall into one of 12 categories listed in the ADA, such as restaurants, movie theaters, schools, day care facilities, recreation facilities, and doctors' offices) and requires newly constructed or altered places of public accommodation—as well as commercial facilities (privately owned, nonresidential facilities such as factories, warehouses, or office buildings)—to comply with the ADA Standards."  http://www.ada.gov/ada_title_III.htm .

Title III sets forth the following general rule prohibiting such discrimination:

### § 12182.  Prohibition of discrimination by public accommodations

(a)  General rule.  No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  In order for Title III to apply, the defendant must operate a place of "public accommodation", which is defined in 42 U.S.C. § 12181(7).

The enforcement provisions of Title III are set forth within 42 U.S.C. § 12188 and provide in pertinent part as follows:

### § 12188.  Enforcement

(a)  In general.

(1) Availability of remedies and procedures.  The remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1942 (42 U.S.C. § 2000a-3(a)) are the remedies and procedures this title [42 USCS §§ 12181 *et seq*] provides to any person who is being subjected to discrimination on the basis of disability in violation of this title [42 USCS §§ 12181 *et seq*] or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 303 [42 USCS §§ 12183].  Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title [42 USCS §§ 12181 *et seq*] does not intend to comply with its provisions.

The statute goes on to provide for injunctive relief in the event of violations, such as an order to alter facilities to make them accessible or to require provision of services or modification of policies.  42 U.S.C. §12188(a)(2).  The corresponding regulation applicable to enforcement of Title III through private lawsuits provides:

**§ 36.501  Private suits.**

(a)  General.  Any person who is being subjected to discrimination on the basis of disability in violation of the Act or this part or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 303 of the Act or subpart D of this part may institute a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order. …

28 C.F.R. § 36.501(a).  Injunctive relief may include an order requiring alteration of facilities to make them accessible, provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods.  28 C.F.R. § 36.501(b).

As stated above, Title III specifically provides that "[t]he remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1942 (42 U.S.C. § 2000a-3(a)) are the remedies and procedures this title [42 USCS §§ 12181, *et seq*] provides to any person who is being subjected to discrimination on the basis of disability."  42 U.S.C. 12188(a).  42 U.S.C. § 2000a-3(a) only provides for a remedy in the form of preventative relief, not an award of monetary damages:

**§ 2000a-3.  Civil actions for preventative relief**

(a)  Persons aggrieved; intervention by Attorney General; legal representation; commencement of action without payment of fees, costs, or security. Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 203 [42 USCS § 2000a-2], a civil action for preventative relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved and, upon timely application, the court may, in its discretion, permit the Attorney General to intervene in any such civil action if he certifies that the case is of general public importance.  Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the civil action without the payment of fees, costs, or security.

42 U.S.C. § 2000a-3(a).

In *Abbott v. Town of Salem*, 2007 U.S. Dist. LEXIS 181105 (D.N.H. 3/12/07), the plaintiff, who was hearing impaired, brought a discrimination claim under Title III of the ADA against a mall which she alleged to have discriminated against her by failing to provide her with the means for effective communication.  The plaintiff sought monetary damages for the alleged violations, however, this Court dismissed the claims, ruling that the ADA "does not provide for money damages".  Id. at *7, *citing Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) ("[T]he unbroken skein of cases makes manifest that money damages are not an option for private parties suing under Title III of the ADA").  In *Goodwin*, the First Circuit Court stated that it "has recognized that section 12188(a)(1) does not contemplate an award of money damages in suits brought by private parties" and noted that "[s]everal other courts of appeals have reached the same conclusion."  436 F.3d at 50, *citing Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 304 (1st Cir. 2003) (Section 12188(a)(1) of the ADA incorporates the remedies set forth in 42 U.S.C. § 2000a-3(a) and that compendium of remedies allows only injunctive relief, as opposed to money damages).

In Count I, the plaintiffs claim only that the defendants' alleged violations of Title III "are the proximate cause of damage to Plaintiff, including lack of communication, emotional distress and other damages."  [Complaint § 28]  They do not seek injunctive relief.  Since they are not entitled to monetary damages, Count I must be dismissed.

C.     The Retaliation Provisions under Section 503(b) of Title V of the Americans with Disabilities Act Do Not Authorize an Award of Monetary Damages and, Therefore, Count III Must be Dismissed

In Count III, the plaintiffs allege that Section 503(b) of Title V of the ADA makes it "unlawful for any person to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, any right

granted or protected by [the ADA]." [Complaint ¶ 37] The plaintiffs claim that Lakeview failed to notify Christian's guardians of the incidents described in the Complaint, "thereby denying them the ability to exercise their and CHRISTIAN's civil rights." [Complaint ¶ 39] Count III does not specify the relief to which the plaintiffs believe they are entitled.

The retaliation provisions under Title V of the ADA are set forth within Section 503(b) and provide as follows:

**42 U.S.C. § 2203. Prohibition against retaliation and coercion.**

**(a)** Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act.

**(b)** Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.

**(c)** Remedies and procedures. The remedies and procedures available under sections 107, 203, and 308 of this Act [42 USCS §§ 12117, 12133, 12188] shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to title I, title II and title III [42 USCS §§ 12111 et seq., 12131 et seq., 12181 et seq.], *respectively*.

42 U.S.C. § 12203 [emphasis added].

ʳUnlike Titles I, II, and III of the ADA, the prohibition against retaliation is not accompanied by a specific delineation of available remedies. Instead, § 12203(c) provides that: '[t]he remedies and procedures available under sections [12117], [12133], and [12188] of this Act shall be available to aggrieved persons for violations of [§ 12203(a)]… with respect to [T]itle I, [T]itle II and [T]itle III, respectively.'" *Rumler v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 5151, 17, 20 Am. Disabilities Cas. (BNA) 333 (M.D. Fla. Jan. 24, 2008), *quoting* §12203(c).

Since the plaintiffs' retaliation claims are based on an alleged violation of Title III of the ADA, 42 U.S.C. § 12181 applicable to public accommodations, one must refer to 42 U.S.C. § 12188 in order to determine which remedies and procedures are available to persons who are alleged victims of retaliation and coercion under the ADA.  42 U.S.C. § 12203(c).

As discussed in the preceding section of this memorandum, the remedies available under 42 U.S.C. § 12188 are limited to injunctive relief and do not include awards of monetary damages. *See, Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) ("[T]he unbroken skein of cases makes manifest that money damages are not an option for private parties suing under Title III of the ADA").

Although Count III does not specifically include a request for compensation in the form of monetary damages, it also does not seek any injunctive relief.  The plaintiffs' general request for relief in the concluding section of their Complaint, however, seeks compensatory, enhanced compensatory and punitive damages, while omitting any request for injunctive relief.  As a result, plaintiffs have failed to state a claim for relief under Section 503(b) of Title V and, therefore, Count III must be dismissed.

D.      RSA 161-F Does Not Provide For a Private Cause of Action and, Therefore, Count XII Must Be Dismissed

In Count XII, the plaintiffs allege that RSA 161-F "prohibits the neglect of an incapacitated person and defines neglect as an act or omission which results or could result in the deprivation of essential services or supports necessary to maintain the minimum mental, emotional or physical health and safety of an incapacitated adult."  [Complaint ¶ 75]  Plaintiffs allege that because Lakeview receives state and federal funds it is obligated to abide by the state requirements in the treatment of patients and care of developmentally disabled and incapacitated

persons.  [Complaint ¶ 76]  Plaintiffs claim that Lakeview breached its duty by "repeatedly allowing staffers to physically assault and otherwise degrade" Christian by failing to provide the statutorily required services.  [Complaint ¶ 77]  Plaintiffs generally allege that as a result of the defendant's alleged actions they "suffered damages".  [Complaint ¶ 77]

RSA 161-F governs the provision of "elderly and adult services".  That statute requires that any person who suspects that an incapacitated adult has been subjected to abuse, neglect, self-neglect or exploitation or is living in hazardous conditions shall report or cause a report to be made to the commissioner.  RSA 161-F:46.  The statute provides that "[a]ny person who knowingly fails to make any report required by RSA 161-F:46 shall be guilty of a misdemeanor." RSA 161-F:50.  The statute does not provide for a private cause of action for monetary damages.

In *Ahrendt v. Granite Bank*, 144 N.H. 308 (1999), the plaintiff sued the bank after she was scammed by an individual who got her to have the bank write checks out to him for several thousand dollars, depleting her account.  Along with claims based on breach of fiduciary duty, the plaintiff claimed that RSA 161-F:46 placed an affirmative duty upon the bank to report its suspicions that she was being exploited.  The Supreme Court ruled that "[e]ven if the bank was required to report under the statute, its failure to do so cannot be the basis for civil liability where no common law duty exists and the legislature has not expressly or implicitly created such liability."  Id. at 315, *citing Marquay v. Eno*, 139 N.H. 708, 714-15 (1995) (RSA 169-C:29, which under penalty as a misdemeanor requires any person suspecting child abuse to report such abuse to the State, does not support a private right of action for its violation since there is no express or implied legislative intent to create such civil liability).  The Court concluded that since the statute contains no express provision creating liability for failure to report and the plaintiff

did not argue that such liability was implicit, no reasonable juror could have found liability premised on a failure to report under RSA 161-F:46.  Id.

Since RSA 161-F does not provide for a private right of action for monetary damages, Count XII must also be dismissed.

       E.      <u>A Claim For Enhanced Compensatory Damages Constitutes a Potential Remedy, Not a Separate Cause of Action, and, Therefore, Count XV Must Be Dismissed</u>

In Count XV, the plaintiffs allege that the conduct of the defendants was "wanton, malicious or oppressive" and, therefore, they are entitled to enhanced compensatory damages. [Complaint ¶ 85]

It is well-established that a claim for enhanced compensatory damages constitutes a form of remedy that may be asserted in connection with an appropriate cause of action that is recognized under New Hampshire law, but does not in itself constitute a cause of action giving rise to a separate claim such as that asserted in Count XV of plaintiffs' Complaint.  *See, e.g., Gavin v. Liberty Mut. Ins. Group,* 2012 U.S. Dist. LEXIS125957 at *1, n. 1, 2012 D.N.H. 154, 2012 WL 3839345 (D.N.H. 9/5/12) (J. McCafferty), *citing, Minion, Inc. v. Burdin*, 929 F.Supp. 521, 523 (D.N.H. 1996) ("Under New Hampshire law, a claim for enhanced damages is not a separate cause of action; it is a request for a particular remedy"); *Collins v. Dartmouth-Hitchcock Med. Ctr.*, 2014 U.S.. Dist. LEXIS 47725 at *5, n. 4, 2014 D.N.H. 66 (D.N.H. 4/7/14) (J. DiClerico) ("enhanced compensatory damages … is a potential remedy, not a cause of action"), *citing Stevens v. Liberty Mut. Ins. Group*, 2013 U.S. Dist. LEXIS 107903, 2013 WL 3895167 at *6, n. 5 (D.N.H. 7/29/13).  As a result, this Court has consistently dismissed claims for enhanced compensatory damages that have been asserted as separate counts or causes of action.  *See, e.g., Precourt v. Fairbank Reconstruction Corp.*, 856 F.Supp.2d 327, 344-45 (D.N.H. 2012) (J.

McCafferty) (dismissing separately-asserted counts for enhanced compensatory damages); *Taylor v. City of Manchester*, 2012 U.S. Dist. LEXIS 165547 at *23-24, 2012 D.N.H. 193, 2012 WL 5875596  (D.N.H. 11/20/12) (J. Barbadoro) (granting summary judgment eliminating claims for wanton and reckless conduct and enhanced damages as not alleging recognized causes of action).  Count XV does not state a recognized cause of action under New Hampshire law and must be dismissed.

> F.    Plaintiffs' Claims for Punitive Damages Must Be Dismissed Since New Hampshire Law Does Not Permit an Award of Punitive Damages

Plaintiffs' demand for relief includes a claim for "punitive damages".  [Complaint p. 18] It is well-established that "[n]o damages are to be awarded as a punishment to the defendant or as a warning and example to deter him and others from committing like offenses in the future.  In other words, no damages other than compensatory are to be awarded."  *Vratsenes v. N.H. Auto, Inc.*, 112 N.H. 71, 73 (1972).  *See, also, Panas v. Harakis*, 129 N.H. 591, 608 (1987) ("This jurisdiction forbids the award of punitive damages").  Since New Hampshire law does not permit an award of punitive damages, plaintiffs' request for such damages in this case must be dismissed.

Respectfully submitted,

LAKEVIEW NEUROREHABILITATION
CENTER, INC., STEVE GIANI and
BENJAMIN SKELTON, Individually

By Their Attorneys,

Getman, Schulthess & Steere, P.A.


Dated:  July 8, 2014                     By: /s/ Edwinna C. Vanderzanden
                                             Edwinna C. Vanderzanden, Esq., N.H.Bar #2613
                                             Getman, Schulthess & Steere, P.A.
                                             1838 Elm Street
                                             Manchester, NH  03104
                                             (603) 634-4300




<u>CERTIFICATE OF SERVICE</u>

        I hereby certify that the foregoing Memorandum of Law in Support of Motion to Dismiss
Counts I, III, XII and XV was filed with the Court on this 8th day of July, 2014.

        I hereby certify that on this 8th day of July, 2014, a true and accurate copy of the
foregoing Memorandum of Law in Support of Motion to Dismiss Counts I, III, XII and XV was
served via ECF on Kirk C. Simoneau, Esq.



Dated:  July 8, 2014                     /s/ Edwinna C. Vanderzanden, Esq.
                                         Edwinna C. Vanderzanden, Esq.